UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAYDEE P.,[1]

      **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 2:21-cv-14098
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Haydee P. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.    PROCEDURAL HISTORY**

On October 11, 2019, Plaintiff protectively filed her application for benefits, alleging that she has been disabled since May 1, 2018. R. 79–86. The application was denied initially and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

upon reconsideration. R. 115–19, 130–32. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 133. ALJ Kevin Kenneally held a hearing on October 14, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 39–58. In a decision dated November 18, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from October 11, 2019, the date on which Plaintiff's application was filed, through the date of that decision. R. 42–54. That decision became the final decision of the Acting Commissioner of Social Security when the Appeals Council declined review on April 28, 2021. R. 5–10. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 10, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 15.[3] On that same day, the case was reassigned to the undersigned. ECF No. 16. The matter is ripe for disposition.

## II.     LEGAL STANDARD

### A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

>factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. A Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent

such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the

5

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.  ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 36 years old on October 11, 2019, the date on which she had filed her application. R. 52. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 44.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: hyperthyroidism; systemic lupus erythematosus; obstructive sleep apnea; asthma; obesity; mood disorder; depression disorder; anxiety disorder; migraine; gastroesophageal reflux disease ("GERD"); allergic rhinitis; and anemia. R. 44. The ALJ also found that Plaintiff's urinary tract infection impairment was not severe. R. 45.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 45–47.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 47–52. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a customer service clerk and cashier. R. 52.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.*, jobs as a telephone quotation clerk, a document preparer microfilming, and a nut sorter—existed in the national economy and could be performed by Plaintiff. R. 53–54. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from October 11, 2019, the application date, through the date of the decision. R. 54.

Plaintiff disagrees with the ALJ's findings at steps four and five and asks that the decision of the Acting Commissioner be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 11; *Plaintiff's Reply Brief*, ECF No. 19. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 17.

## IV.  DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ's RFC is flawed because the ALJ did not include all of Plaintiff's credibly established limitations. *Plaintiff's Brief,* ECF No. 11, pp. 9–13; *Plaintiff's Reply Brief*, ECF No. 19, pp. 1–4. This Court agrees.

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. § 416.945(a)(1). At the administrative hearing stage, the administrative law judge is charged with determining the claimant's RFC. 20 C.F.R. § 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to determine whether "a limitation is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to

include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant (1) can occasionally push, pull, operate controls with the bilateral upper and lower extremities; (2) can frequently reach overhead and in all other directions with the bilateral upper extremities; (3) can frequently handle, finger and feel bimanually; (4) can occasionally climb ramps and stairs; (5) can never climb ropes, ladders, scaffolds; (6) can occasionally balance, stoop, kneel, crouch, crawl; (7) can never be exposed to unprotected heights, moving mechanical parts, operating a motor vehicle; (8) can have only occasional exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold or extreme heat; (9) can have no exposure to vibrations as well as loud and very loud noise levels; (10) is limited to performing simple routine tasks and making simple work related decision[s] and (11) can *frequently interact with the general public, co-workers or supervisors*.

R. 47 (emphasis added).

In making this determination, the ALJ found persuasive the moderate mental limitations opined by the reviewing state agency psychological consultants, Joseph Wieliczko, Psy.D., and Jocelyn Fierstien, Psy.D., as follows:

> Psychologist Joseph Wieliczko, Psy.D., reviewing state Agency consultant, opined that the claimant exhibits mild limitations in understanding, remembering and applying information, mild limitations in interacting with others, moderate limitations in concentrating, persisting and maintaining pace and mild limitations in adapting and managing herself (Exhibits 2A at 5-6). Psychologist Jocelyn Fierstien, PsyD., affirmed Dr. Wieliczko's opinions on reconsideration (Exhibit 3A at 3-4). Dr. Wieliczko and Dr. Fierstien are specialists familiar with disability program and their opinions are based on their comprehensive examination of the records and consistent with the evidence. Specifically, the opinions are persuasive as they are consistent with the medical records evidencing that the claimant experiences limitations associated with her mental health diagnoses, but despite the same, the records support a finding that with treatment, the claimant has been able to function on a daily basis.

R. 51. In addition to the mental limitations identified by the ALJ, Dr. Wieliczko, the state agency psychologist who conducted the initial review of Plaintiff's medical record, also found, *inter alia*, that Plaintiff was *moderately* limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 101. In reviewing Plaintiff's medical record upon reconsideration for the state agency, Dr. Fierstien agreed with Dr. Wielczko's that Plaintiff had *moderate* restrictions in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 111. Dr. Fierstien also found that Plaintiff was *moderately* limited in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id*.

In challenging the ALJ's RFC determination, Plaintiff argues that, although he found the opinions of Dr. Wieliczko and Dr. Fierstien to be persuasive, the ALJ improperly failed to account for the moderate limitations opined by those experts, *i.e.*, moderate limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; working in coordination with or in proximity to others without being distracted by them; completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and getting along with coworkers or peers

without distracting them or exhibiting behavioral extremes. *Plaintiff's Brief,* ECF No. 11, pp. 9–13; *Plaintiff's Reply Brief*, ECF No. 19, pp. 1–4. These limitations, Plaintiff contends, would necessarily affect Plaintiff's time off-task and absence from work, factors that were not addressed by the ALJ in the RFC. *Id*. Plaintiff further argues that the ALJ did not explain why he omitted these limitations from the RFC, which frustrates meaningful judicial review. *Id*. The Acting Commissioner, however, insists that the ALJ properly accounted for Plaintiff's moderate mental limitations in the RFC, arguing that Plaintiff "ignores the ALJ's complete analysis, where the ALJ found that Plaintiff had limitations but that they were not significant enough to prevent her from functioning." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 17, pp. 14–15. The Acting Commissioner further contends that the ALJ's recitation of the evidence establishes why additional limitations were not warranted and that Plaintiff failed to identify evidence that justified additional limitations. *Id*. at 16.

The Acting Commissioner's arguments are not well taken. As set forth above, the state agency reviewing psychological consultants opined that Plaintiff was moderately limited in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 101, 111. Although the ALJ characterized these state agency opinions as "persuasive[,]" R. 51, the RFC that he crafted contained no accommodations for moderate limitations in these areas of functioning. R. 47. Moreover, the ALJ offered no explanation why he apparently rejected these limitations. R. 48–52. Although an ALJ is free to weigh the medical opinions in the record and to determine whether and to what extent those

opinions are to be credited, an ALJ must in all events explain his reasoning in that regard. *Cotter*, 642 F.2d at 704–05; *Fargnoli,* 247 F.3d at 42; *Morales*, 225 F.3d at 317; *see also Jones,* 364 F.3d at 505 (providing that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"). Where, as here, the ALJ appears to have rejected, without explanation, restrictions articulated by the state agency experts after having found those experts' opinions to be persuasive, the Court cannot conclude that substantial evidence supports the ALJ's RFC determination. *See Cotter*, 642 F.2d at 704–05; *Fargnoli,* 247 F.3d at 42; *Morales*, 225 F.3d at 317; *Sutherland*, 785 F. App'x at 928. Moreover, the ALJ's failure to include in Plaintiff's RFC—or to explain the omission from Plaintiff's RFC—limitations relating to Plaintiff's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *See H.G. v. Comm'r of Soc. Sec.*, No. CV 20-7560, 2021 WL 3706724, at *2–3 (D.N.J. Aug. 20, 2021) (remanding where "the ALJ overlooked a key finding" by reviewing state agency consultants, namely, that the plaintiff has a moderate limitation to the ability to the ability to perform activities within a schedule, maintain regular attendance, and to be punctual within customary tolerances, and that "the reviewers agreed that Plaintiff has a moderate limitation to the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms"); *Moeller v. Kijakazi*, No. 1:20-CV-00571, 2021 WL 3207247, at *8–9 (M.D. Pa. July 29, 2021) (remanding case where "it is unclear how the ALJ accounted for Dr. Murphy's opinion that Ms. Moeller is moderately limited in her 'ability to complete a normal workday and workweek

without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods'" and finding that, had the ALJ included this limitation in the RFC, "it could have made a difference as to whether Ms. Moeller can engage in sedentary work. It also could have altered the vocational expert's analysis of the type of work Ms. Moeller can perform") (internal citations omitted); *Taylor v. Comm'r of Soc. Sec.*, 83 F. Supp. 3d 625, 627–28 (M.D. Pa. 2015) (remanding where the ALJ "seemingly adopted some of the limitations suggested by Drs. Mrykalo and Kelsey into his RFC and did not adopt others, without explanation").[4]

The ALJ's omissions and his failure to explain those omissions take on even greater significance when one considers that the vocational expert, upon whose testimony the ALJ relied, R. 53–54, testified, *inter alia*, that the jobs identified by him—*i.e.,* telephone quotation clerk, document preparer microfilming, and nut sorter—would tolerate only one absence every one and a half months (8 times per year) and that the hypothetical individual could not remain employed if she were off-task more than 10% of the time. R. 88–90.

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[5] Moreover, remand is appropriate even if, upon further examination

---

[4] In addition, as previously discussed, Dr. Fierstien also found that Plaintiff was *moderately limited* in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. R. 111. In addition to finding that opinion persuasive, R. 51, the ALJ found that Plaintiff was *moderately limited* in her ability to interact with others. R. 46. However, the ALJ's RFC also contemplated *frequent* interaction with the general public, co-workers, and supervisors. R. 47. The RFC therefore does not appear to accommodate this moderate social limitation accepted by the ALJ. *See Fisher v. Kijakazi*, No. 3:20-CV-00940, 2021 WL 3525050, at *1 (M.D. Pa. Aug. 11, 2021) (finding that the ALJ's conclusion that the claimant could frequently interact with the public and supervisors was not supported by the ALJ's finding of moderate limitation in social functioning).

[5] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the opinions of Dr. Wieliczko and Dr. Fierstien and the RFC determination, the Court does not consider those claims. However, the

of the reviewing state agency opinions of Dr. Wieliczko and Dr. Fierstien and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

---

Court agrees with Plaintiff that it would be helpful if the ALJ clarified on remand the inconsistent findings made regarding the impact of Plaintiff's severe impairment of obesity on her functional capacity. *Compare* R. 45 ("The claimant's limitations due to obesity are reflected in the below residual functional capacity."), *with* R. 51 ("It is noted that the records do not disclose functional limitations associated with the claimant's obesity . . . [D]espite the claimant's complaints and diagnosis, the records indicate that the claimant's daily activities are not impacted by this condition [obesity] as the claimant is able to care for her kids and use public transportation when necessary, self-care and perform simple maintenance[.]").

      In addition, the parties agree that the ALJ erred in failing to explain why Plaintiff should be only occasionally exposed to extreme cold/heat, wetness, humidity, and other pulmonary irritants, R. 47, when the reviewing state agency medical consultants found that Plaintiff should avoid concentrated exposure to these environmental factors. R. 47, 51–52; *Plaintiff's Brief*, ECF No. 11, pp. 15–21; *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 17, pp. 19–20; *Plaintiff's Reply Brief*, ECF No. 19, pp. 5–6. However, the parties disagree whether this error was harmless in light of the three jobs identified by the vocational expert. *See id*. Therefore, on remand, it would be helpful if the ALJ clarified his consideration of the opinions of the reviewing state agency medical consultants' opinions in this regard and whether such limitations impact the availability of the jobs found by the vocational expert.

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 28, 2023                               *s/Norah McCann King*
                                                      NORAH McCANN KING
                                                      UNITED STATES MAGISTRATE JUDGE